UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYAN, JILLIAN RYAN,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN R. BELTRAMO, JR.,<br><br>Defendant. | Case No. 21-cv-0085-YGR<br><br>ORDER REGARDING ALLOCATION OF COSTS |

"Federal Rule of Civil Procedure 54(d)(1) provides that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.' By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). "That discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id.* The Ninth Circuit has recognized the losing party's limited financial resources and misconduct on the part of the prevailing party as valid reasons, among others. *Id.*

Here, defendant does not argue he has limited means, or misconduct on the part of plaintiffs, he argues that plaintiffs are not the "prevailing party" because plaintiffs did not prevail on their property claim. Defendant argues the Court entered a "mixed judgment" and should either award costs in defendant's favor or order each side to bear its own costs. (Dkt. No. 96 at 2.)

As defendant's own authority acknowledges, it is not "necessary for a party to prevail on all of its claims to be found the prevailing party." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (citing *K–2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir.1974)). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the

defendant's behavior in a way that directly benefits the plaintiff." *Id.* (quoting *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992)).  Such a material alteration in the legal relationship occurs when the plaintiff becomes entitled to enforce a judgment . . . against the defendant." *Id.*  That is the circumstance here.[1]

Finally, defendant's argument that he is the prevailing party because he effectively "won" more damages than plaintiffs because the Court decided the claim with the higher potential damages amount (the property damage claim) in his favor is without legal basis and, in any event, is not dispositive. Nothing in the record indicates that that particular claim was driving the litigation.

Accordingly, the Court **GRANTS** an award of costs to plaintiffs.

**IT IS SO ORDERED.**

Dated: March 27, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court considered whether only costs for the emotional distress claims on which plaintiffs prevailed should be awarded, but found the issue was not adequately briefed.